**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**CARLSON GRAY SWAFFORD,**

               **Plaintiff,**

    **v.**

**RICHARD EVANGELISTA, ESQ., in His Official and Individual Capacities; KYLE FLEMMING, in His Official and Individual Capacities; and GORDON RHEA, ESQ., In His Official and Individual Capacities,**

               **Defendants.**

_____

**1:25-cv-00038-RAM-EAH**

**TO:    Carlson Gray Swafford, Pro Se**

<u>**ORDER**</u>

**THIS MATTER** comes before the Court on the "Motion to Seal IFP and Remote Participation Related Financial Records Pursuant to Local Rule and Common Law Right of Privacy" ("Motion to Seal"), filed on March 31, 2026 by Plaintiff Carlson Gray Swafford, appearing pro se.[1] Dkt. No. 24. Mr. Swafford asks the Court to seal his personal financial records that he submitted in connection with his In Forma Pauperis ("IFP") Motions and Motion for Remote Participation filings (Dkt. No. 2, Dkt. No. 7-1 through 7-15, Dkt. No. 8, Dkt. Nos. 17-2 through 17-5, and exhibits filed in support of his Objection to Magistrate Judge's Order Denying IFP Status, Dkt. Nos. 29-1 through 29-5.

In the Motion to Seal, Mr. Swafford argues that the "common law right of access to judicial records is not absolute," and courts in the Third Circuit weigh the public's interest in

---

[1] Mr. Swafford has filed two Motions to Appear In Forma Pauperis, Dkt. Nos. 2, 7, that the Court has denied. Dkt. Nos. 5 and 20. The second Order, entered on March 11, 2026, directed him to pay the filing fee by April 11, 2026. Dkt. No. 20 at 9. He filed an Objection to that latter Order. Dkt. No. 29.

*Swafford v. Evangelista*
1:25-cv-00038-RAM-EAH
Order
Page 2

access against a party's interest in privacy. Dkt. No. 24 at 2. He posits that, when documents contain sensitive personal financial information submitted for a threshold procedural determination, rather than a substantive merits adjudication, the privacy interest is at its highest and the public interest is at its lowest*. Id.* The documents he wishes to seal contain bank balances, credit card statements, mortgage records, a household budget, spousal income, familial loan information, education references, and a log of over 180 job applications—submitted solely to establish his eligibility for IFP status. *Id.* Mr. Swafford adds that "[c]ourts routinely seal IFP-related financial submissions," citing *Doe v. Megless,* 654 F.3d 404, 408 (3d Cir. 2011). He submits that his "detailed financial records" go "far beyond what any litigant would ordinarily place on a public docket," and were "compelled" by this Court's "repeated demands for increasingly granular financial documentation." *Id.*

Mr. Swafford adds that the documents, filed on the public docket, are accessible to anyone including the unserved Defendants, who could review his complete financial picture, employment history, job search strategy, and other matters, thereby obtaining information that ordinarily would be gleaned only through formal discovery subject to protective orders and reciprocal disclosure obligations. *Id.* at 3. This "asymmetry" was created through the IFP process, and sealing the records would "restore the balance that would ordinarily exist prior to service of process or the commencement of discovery." *Id.* Mr. Swafford asserts that he does not seek to seal Court Orders or documents bearing on the merits of the underlying claims but only his raw financial records and personal data submitted in connection with the IFP determination. *Id.*

*Swafford v. Evangelista*
1:25-cv-00038-RAM-EAH
Order
Page 3

**DISCUSSION**

**I.      Legal Standards**

Federal Rule of Civil Procedure 5.2, entitled "Privacy Protection for Filings Made with the Court," governs redaction and sealing. It provides, in pertinent part, that:

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1) The last four digits of the social-security number and taxpayer-identification number;
> (2) The year of the individual's birth;
> (3) The minor's initials; and
> (4) The last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). Rule 5.2(d) provides that the court "may order that a filing be made under seal without redaction." Rule 5.2(h) provides that "a person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal."

Long-established case law emphasizes that "the public right of access to judicial proceedings and records is integral and essential to the integrity of the judiciary." *Mine Safety Appliances Co. v. N. River Ins. Co.*, 73. F. Supp. 3d 544, 557-58 (W.D. Pa. 2014) (citing *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986)). The right is "pervasive" and "serves numerous salutary functions." *Id.* District courts must "be sensitive to the rights of the public in determining whether any particular document . . . is appropriately filed under seal." *Id*. at 557 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993)). "Access means more than the ability to attend open

court proceedings; it also encompasses the right of the public to inspect and copy judicial records." *Id*. at 559 (citation modified). A party seeking to seal any part of a judicial record "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id*. (citation modified). In sum, there is a "strong presumption of openness" in such filings. *Id.* at 558.

Moreover, redactions are preferable to sealing entire documents because it has less of an impact on the openness of judicial proceedings. *See Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.,* No. 20-cv-04660, 2023 WL 1100995, at *7 (E.D. Pa. Jan. 30, 2023) (finding that proposed redactions that are limited in scope are preferable to wholesale sealing). "Therefore, where possible, parties should propose redactions, rather than placing a whole document under seal." *Del Nero v. NCO Fin. Sys., Inc.,* No. 21-cv-04823, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021).

## II.    Application

The Court notes that Mr. Swafford's initial IFP motion, Dkt. No. 2, contained a dearth of information concerning Mr. Swafford's financial situation, which caused the Court to deny the motion without prejudice because it could not ascertain whether he qualified for IFP status, Dkt. No. 5. In his December 22, 2025 refiled IFP motion, Mr. Swafford filled out the IFP application more fulsomely and submitted numerous supporting documents to support his application—including bank, credit card, and mortgage statements, a tax return, utility invoices, a table of his monthly and other expenses, and a list of places where he had applied

for jobs. Dkt. Nos. 7, 7-1 through 7-15. In the documents with sensitive information such as account or social security numbers, either the entity provided only a partial account number or Mr. Swafford appropriately redacted all or part of the account number or other personal identification numbers/information. These redactions complied with Rule 5.2, and the Court was able to make an assessment concerning whether he qualified for IFP status.

As to the merits of the Motion to Seal, "'Courts typically treat IFP applications as matters of public record.'" *Bahr v. Marin*, No. 23-cv-376, 2023 WL 3088296, at *1 (S.D. Cal. Mar. 28, 2023) (quoting *Sai v. ABDI*, No. 17-cv-1941, 2018 WL 9781844, at *4 (W.D. Wash. Apr. 23, 2018)); *see also Tater-Alexander v. Amerjan*, No. 1:08-cv-00372, 2008 WL 961234, at *2 (E.D. Cal. Apr. 4, 2008) ("An application to proceed [IFP] is not within the narrow range of matters, such as records of grand jury proceedings, traditionally sealed because of important policy reasons.").

The Court found only one case in this Circuit that has addressed the issue.[2] In *Sampath v. Concurrent Techs. Corp.*, No. 03-cv-264, 2008 WL 11511504 (W.D. Pa. May 14, 2008), the district court considered a party's motion to seal his IFP application. While that court had seen "a constant stream of applications for IFP status," it could not recall "ever ordering that a supporting affidavit be filed under seal or, indeed, having seen such an order." *Id.* at *1. It

---

[2] Mr. Swafford's statement that "courts routinely seal IFP-related financial submissions," Dkt. No. 24 at 2, cites *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) in support. *Doe* concerned the issue of whether a plaintiff could proceed under a pseudonym and required the litigant to show a fear of severe harm and that that fear was reasonable. *Id.* The page of the opinion cited by Mr. Swafford said nothing about sealing financial submissions, much less IFP-related financial submissions.

approvingly cited the reasoning in *Tater-Alexander*, 2008 WL 961234, at *1-3, which held that records concerning IFP applications "are judicial records subject to public access since IFP applications involve a statutorily based exercise of the judicial function and the public has an interest in the proper exercise of such function, and that there are no special indicia of privacy in the kinds of information disclosed in a typical IFP affidavit that would warrant filing the affidavit under seal." *Sampath*, 2008 WL 1151504, at *1 (citation modified).

The Court agrees with this reasoning. As the Court wrote in its Orders denying Mr. Swafford's IFP applications, "approving a motion to proceed without paying fees is within a court's discretion. *Johnson v. City of Phila.*, 589 F. Appx 419, 429 (3d Cir. 2015). When exercising that discretion, a court "must be rigorous . . . to ensure that the treasury is not unduly imposed upon." *Id.* (citation modified)." *Swafford v. Evangelista*, 1:25-cv-0038. (D.V.I. Mar. 11, 2026) (Dkt. No. 20). Thus, the public has a right to know that courts, acting in this circumstance as stewards of the public fisc, are exercising their discretion properly in either granting or denying persons the *benefit* of proceeding in forma pauperis. In such a situation, "the public right of access to judicial proceedings and records"—which "is integral and essential to the integrity of the judiciary"—is a paramount concern. *Mine Safety Appliances Co.*, 73. F. Supp. 3d at 557-58.

Moreover, even if a case could be made that the information contained within IFP affidavits (and other documents cited in the motion) might be protected, Mr. Swafford has not shown that "disclosure [would] work a clearly defined and serious injury" against him. *In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001). In describing this injury, "broad

*Swafford v. Evangelista*
1:25-cv-00038-RAM-EAH
Order
Page 7

allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.*

Here, Mr. Swafford has not carried his heavy burden to override the common law right of

access. He provides no support for his statement that his financial records "go far beyond

what any litigant would ordinarily place on the docket"; even so, this statement does not

show that he suffered injury. His position that his financial records "create asymmetrical

prejudice" such that the Defendants (who have not yet been served because his IFP status is

not resolved) would gain some litigation advantage without having to obtain this

information through discovery is merely a general concern and insufficient to show injury.

*Cendant*, 283 F.3d at 194. Courts have found that general privacy concerns are insufficient to

demonstrate good cause for sealing. *See, e.g.*, *Gupta v. Discover Bank*, No. 21-cv-00648, 2021

WL 5045069, at *1 (C.D. Cal. May 14, 2021) (denying request to seal IFP application where

plaintiff claimed financial information was "sensitive information and [he does] not want the

public to see it"); *Wimberly v. Experian Info. Sols.*, No. 18-cv-06058, 2021 WL 1146277, at *1

(S.D.N.Y. Mar. 24, 2021) ("general concerns over disclosure of financial status have been held

insufficient to overcome the presumption of public access.); *SAI v. Dep't of Homeland Sec.*,

149 F. Supp. 3d 99, 128 (D.D.C. 2015) (denying *ex parte* application to file affidavit in support

of IFP status under seal where plaintiff made "unsupported assertion of an unqualified

interest in privacy" and "general assertion that the affidavits might 'disclose embarrassing

and potentially harmful information, such as an affiant's family situation, disability, [or]

dependents' "); *Sai*, 2018 WL 9781844, at *4 (denying motion to seal IFP application where

*Swafford v. Evangelista*
1:25-cv-00038-RAM-EAH
Order
Page 8

plaintiff "vaguely objects to the possibility of some type of harm, and generally objects to the inclusion of information required by [the IFP application] on the public record").

## CONCLUSION

Accordingly, it is hereby **ORDERED** that the Motion to Seal, Dkt. No. 24, is **DENIED.** The Clerk of Court shall send a copy of this Order to Mr. Swafford by certified mail, return receipt requested.

ENTER:

Dated: April 16, 2026                    /s/ Emile A. Henderson III
                                          EMILE A. HENDERSON III
                                          U.S. MAGISTRATE JUDGE